# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBRA M. SHEPARD,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
AT-3443-15-0689-I-1

DATE: April 13, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Debra M. Shepard</u>, Lawrenceville, Georgia, pro se.

<u>Edith W. Lewis</u>, Esquire, Columbia, South Carolina, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal challenging the agency's alleged breach of an equal employment opportunity (EEO) settlement agreement for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). However, we FORWARD the appellant's claim of whistleblower retaliation to the regional office for docketing as a new individual right of action (IRA) appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a GS-5 Medical Laboratory Technician, entered into a settlement agreement with the agency resolving her EEO complaint on February 9, 2015. Initial Appeal File (IAF), Tab 1 at 1, 7-9. The settlement agreement provided that, among other things, the agency agreed to laterally transfer the appellant to the new Lawrenceville Community-Based Outpatient Clinic (CBOC) "when the expansion project is completed." *Id.* at 7. The appellant subsequently complained that the agency violated the settlement agreement because, as of April 22, 2015, she had not been transferred to the new Lawrenceville CBOC. *Id.* at 10. In a May 20, 2015 final agency decision (FAD), the agency's Office of Resolution Management found that the agency had not breached the settlement agreement because the expansion project had not yet been completed. *Id.* at 11. The FAD informed the appellant of her right to appeal the

decision to the Equal Employment Opportunity Commission (EEOC), Office of Federal Operations (OFO), within 30 days. *Id.* at 12. It appears that the appellant appealed the FAD to the OFO on or about June 22, 2015. IAF, Tab 5, Attachment 1.

¶3        On June 30, 2015, the appellant filed a Board appeal challenging the agency's alleged breach of the EEO settlement agreement and alleging that the agency had entered into the settlement agreement with the intent "to subject her to more physical, mental, and financial hardship [in] retaliation for filing past and present EEO activity [and] for reporting prohibited personnel practices of wrongdoing[.]" IAF, Tab 1 at 1, 3. The administrative judge notified the appellant that the Board lacks jurisdiction to enforce a settlement agreement that was never entered into the record in an appeal before the Board and ordered her to file evidence and argument showing why the appeal should not be dismissed for lack of jurisdiction without a hearing. IAF, Tab 4 at 1-2. In response, the appellant asserted that OFO would resolve the question of whether the agency breached the settlement agreement or failed to negotiate in good faith, but that the Board had jurisdiction to consider her claim that the agency was retaliating against her for whistleblowing and protected activity by postponing or withholding her transfer back to the Lawrenceville CBOC.[2] IAF, Tab 5 at 9-12. The appellant stated that she had filed complaints with the Office of Special Counsel (OSC) regarding the agency's prohibited personnel practices and retaliation on August 10, 2012, June 2, 2015, and July 13, 2015, respectively, but that OSC had not responded to her complaints. *Id.* at 7-8; *see id.*, Attachments 6-8.

---

[2] The appellant explained that, pursuant to a 2008 settlement agreement, she was stationed at the Lawrenceville CBOC, but that the agency transferred her to her current duty station at Oakwood CBOC in 2012 in retaliation for protected activities. IAF, Tab 5 at 8-9. She asserted that the transfer to Oakwood CBOC, which is 35 miles away from her home and not accessible by public transportation, caused her "great physical, mental, and financial burdens." *Id.*

¶4          In an October 27, 2015 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 7, Initial Decision (ID).  The administrative judge explained that, insofar as the appellant was asking the Board to enforce the terms of the EEO settlement agreement, the Board lacked jurisdiction because the appellant had not alleged that the EEO settlement agreement had been previously entered into the record of an appeal before the Board.  ID at 1-3.  The administrative judge also explained that, insofar as the appellant argued that the agency's failure to effect her lateral transfer to the new Lawrenceville CBOC constituted a prohibited personnel practice under 5 U.S.C. § 2302(b), the Board lacks jurisdiction over claims of prohibited personnel practices absent an action that is otherwise appealable to the Board.  ID at 3-4.  The administrative judge further noted that both the June 2, 2015 and July 13, 2015 complaints to OSC contained allegations about the agency's alleged breach of the February 2015 EEO settlement agreement, among numerous other allegations of agency wrongdoing.  ID at 4 n.1.  To the extent that the appellant's appeal could be construed as an IRA appeal, the administrative judge found that the July 13, 2015 complaint was premature because 120 days had not passed since the appellant filed the complaint and she had not submitted to the Board any notice from OSC stating that it had completed its investigation.  *Id.*  The administrative judge informed the appellant of her right to file an IRA appeal regarding her June 2, 2015 OSC complaint and advised her of her burden to establish Board jurisdiction over such a claim.  *Id.*

¶5          The appellant has filed a petition for review of the initial decision, asserting that she is not asking the Board to enforce the settlement agreement, but rather filing an IRA appeal challenging the agency's failure to restore her to her prior duty station in Lawrenceville.  Petition for Review (PFR) File, Tab 1 at 1-2.  She asserts that the agency transferred her to her current duty station from Lawrenceville in 2012 and that she reported this "retaliatory act" to OSC in August 2012.  *Id.* at 1-2.  The appellant argues that she exhausted her

administrative remedies concerning the transfer because it has been over 3 years since she filed the OSC complaint, and OSC had not issued a decision. *Id.* at 5-6, 8. She further claims that she has exhausted her administrative remedies as to her July 2015 OSC complaint, which alleged, among other things, that the agency breached the 2015 settlement agreement, because it had been more than 120 days since she filed the complaint and OSC has not issued a decision. *See id.* at 2, 11-13. Additionally, she argues that the Board has jurisdiction to hear her appeal as a mixed-case appeal and to hear the "non-EEO matters." *Id.* at 3-5, 16-17. The agency did not respond to the appellant's petition for review.

¶6　　　As the administrative judge correctly explained, the Board may not enforce a settlement agreement that has not been entered into the Board's record for enforcement purposes. *See Kreusch v. U.S. Postal Service*, 85 M.S.P.R. 125, ¶ 4 (2000); 5 C.F.R. § 1201.41(c)(2). There is no indication in the record, and the appellant has not alleged, that the February 2015 settlement agreement was ever entered into the record of any prior Board proceeding. Accordingly, we agree with the administrative judge that the Board has no jurisdiction to enforce the terms of the February 2015 EEO settlement agreement.

¶7　　　Furthermore, contrary to the appellant's argument on review, this is not a mixed case, and the Board lacks jurisdiction to consider her claim under mixed-case procedures. PFR File, Tab 1 at 15. A mixed case involves both a claim of discrimination and a personnel action that is normally appealable to the Board. 29 C.F.R. § 1614.302(a)(2); *see* 5 U.S.C. § 7702(a)(1). Here, the challenged agency actions—the alleged breach of a settlement agreement or the agency's failure to transfer the appellant to her prior duty station—are not actions that are otherwise appealable to the Board. *See* 5 U.S.C. § 7702(a); *King v. Reid*, 59 F.3d 1215, 1218-19 (Fed. Cir. 1995); 5 C.F.R. § 1201.3. Because the appellant has not shown that she suffered any otherwise appealable action, the Board does not have jurisdiction over her appeal as a mixed case. Likewise, as the administrative judge correctly explained, the Board lacks jurisdiction over the

appellant's claim that the agency committed a prohibited personnel practice by delaying or withholding the transfer because, absent an otherwise appealable action, the appellant's claim of a prohibited personnel practice does not provide an independent basis for finding Board jurisdiction. ID at 3; *see Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 11 (2006).

¶8        The Board may have jurisdiction, however, to consider the appellant's claim that the agency has delayed or withheld her transfer to Lawrenceville in the context of an IRA appeal in which she alleges retaliation under the Whistleblower Protection Act as amended by the Whistleblower Protection Enhancement Act. *See* 5 U.S.C. § 1221; *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007). The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that:   (1) she engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). An appellant raising a claim in an IRA appeal can establish that she exhausted her remedies before OSC by showing that she filed a request for corrective action and either OSC has notified her that it was terminating its investigation of her allegations or 120 calendar days have passed since she first sought corrective action. 5 U.S.C. § 1214(a)(3); *Becker*, 107 M.S.P.R. 327, ¶ 6; 5 C.F.R. § 1209.5(a).

¶9        On review, the appellant appears to argue that the agency has refused to transfer her to the Lawrenceville CBOC in retaliation for her protected activity and protected disclosures and that she exhausted her administrative remedies with OSC.[3] PFR File, Tab 1 at 1-2, 4-16. The record reflects that the appellant filed

---

[3] Although the appellant did not raise this argument below, we find it appropriate to consider her argument for the first time on review because the administrative judge did not put the appellant on notice of her burden to establish Board jurisdiction over an IRA appeal until the initial decision. ID at 4 n.1; *see Burgess v. Merit Systems*

complaints with OSC on August 10, 2012, June 2, 2015, and July 13, 2015, which contain numerous allegations of agency wrongdoing.[4]    IAF, Tab 5, Attachments 7-8.  In the initial decision, the administrative judge explained that the appellant could file an IRA appeal in connection with her June 2, 2015 OSC complaint and set forth the appellant's burden to establish Board jurisdiction over such a claim.  ID at 4 n.1.  The administrative judge further explained that an IRA appeal based on the July 13, 2015 OSC complaint was premature because, as of the date of the initial decision (October 27, 2015), 120 calendar days had not elapsed since the appellant filed the complaint and she had not shown that OSC had terminated its investigation into her allegations.  *Id.*

¶10    The evidence shows that the appellant filed a complaint with OSC on July 13, 2015, and there is no indication in the record that the appellant received a termination or close out letter from OSC.  IAF, Tab 5, Attachment 8 at 1.  Thus, we find no error in the administrative judge's determination that an IRA appeal arising from the July 13, 2015 complaint was premature when the initial decision was issued on October 27, 2015.  *See* 5 U.S.C. § 1214(a)(3); *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 6 (2010).  Although the appellant has not

*Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that an appellant must receive explicit information on what is required to establish Board jurisdiction).

[4] Although the Board may have jurisdiction over an IRA appeal based on the 2015 OSC complaints, the Board lacks jurisdiction to consider the appellant's potential IRA appeal concerning her 2012 OSC complaint.  Pursuant to the terms of the February 2015 EEO settlement agreement, the appellant agreed to "release[] and forever discharge[] the Agency, its officers, agents and employees, from any and all claims, demands, damages, actions or suits in equity, of whatever kind or nature, whether heretofore accruing, known or unknown."  IAF, Tab 1 at 8.  The Board has interpreted such a release to preclude subsequently-filed IRA appeals based on matters occurring prior to the settlement agreement.  *See Vogel v. Department of the Navy*, 106 M.S.P.R. 451, ¶ 8 (2007).  Here, the plain meaning of the settlement agreement's terms encompasses claims arising from the 2012 transfer, and we find that the appellant waived her right under the agreement to raise this claim in an appeal before the Board.  *See Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 7 (2009) (finding that a claim that arose prior to the execution of a settlement agreement was waived under the agreement's general release of all employment claims), *aff'd* 367 F. App'x 137 (Fed. Cir. 2010).

alleged on review that OSC has terminated its investigation into her complaint, 120 days have elapsed since she filed her July 13, 2015 OSC complaint. Accordingly, the appellant's IRA appeal is now ripe for adjudication. Because the Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending with the Board, we forward this IRA appeal to the regional office for adjudication. *See Jundt*, 113 M.S.P.R. 688, ¶ 7. After docketing this appeal, the administrative judge shall fully inform the appellant of the jurisdictional requirements in an IRA appeal and determine whether the Board has jurisdiction over this matter as an IRA appeal and then, if appropriate, determine the merits. In making this determination, the administrative judge should consider both the July 13, 2015 and the June 2, 2015 OSC complaints. IAF, Tab 5, Attachments 7-8.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. See 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. See Pinat v. Office of Personnel Management, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this

order.  See 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                                  _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.